PAULETTE L. STEWART
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
EMAIL: paulette.stewart@usdoj.gov

**FILED**

JAN 28 2016

Clerk, U.S Courts
District Of Montana
Missoula Division

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 15-32-M-DWM-05 |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| JAY WILLIAM ISLES, Sr., | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Paulette L. Stewart, Assistant United States Attorney for the District of Montana, and the Defendant, Jay William Isles, Sr., and his attorney, John J. Ferguson, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's

1

Office for the District of Montana and the Defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The Defendant agrees to plead guilty to the Superseding Information, which charges possession of a firearm in a federal facility in violation of 18 U.S.C. §§ 930(a) and 2. That offense carries a maximum punishment of one year of imprisonment, a $100,000 fine, one year of supervised release, and a $25 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The Defendant acknowledges that the agreement will be fulfilled provided: a) the United States moves to dismiss, and the Court agrees to dismiss, the Indictment against this Defendant; and b) makes the recommendations provided below. The Defendant understands that if the agreement is accepted by the Court and the Indictment against this Defendant is dismissed, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The Defendant will plead guilty because the Defendant is in fact guilty of the charges contained in the Superseding Information.

AUSA	Def.	Def. Atty

2

In pleading guilty to the Superseding Information, the Defendant acknowledges:

- First, possession of a firearm in a federal facility was committed by someone;
- Second, the defendant aided that person with respect to at least one element of possession of a firearm in a federal facility;
- Third, the defendant acted with the intent to facilitate possession of a firearm in a federal facility; and
- Fourth, the defendant acted before the crime was completed.

The elements for possession of a firearm in a federal facility are:

First, someone caused to be present a firearm;

Second, in a federal facility (other than a Federal courthouse); and

Third, someone did so knowingly.

5. **Waiver of Rights by Plea:**

(a) The defendant is entitled to have the charge outlined in paragraph 1, above, presented to and tried before a district judge. Rule 58(b)(3)(A),(B), Federal Rules of Criminal Procedure. By execution of, and signature on, this agreement, the defendant expressly consents to plea and sentencing before the U.S. Magistrate Judge.

(b) The government has a right to use against the Defendant, in a prosecution for perjury or false statement, any statement that the Defendant gives

under oath during plea colloquy.

(c) The Defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The Defendant has the right to a jury trial unless the Defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(e) The Defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The Defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was

/AUSA  /Def.  Def. Atty

4

persuaded of the Defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(i) At a trial, there is a privilege against self-incrimination so that the Defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the Defendant could exercise the choice to testify on his or her own behalf.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the Defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the Defendant to reversal of the conviction.

(k) The Defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the Defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted

5

by, the U.S. Magistrate Judge.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The Defendant understands that by pleading guilty pursuant to this agreement, the Defendant is waiving all the rights set forth in this paragraph. The Defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless he is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

6

8. **Voluntary Plea:** The Defendant and the Defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the Defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

9. **Release/Detention after Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the court the decision as to whether the Defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the Defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the Defendant's eligibility for post-conviction release. The Defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

10. ~~Waivers:~~

a) *Appeal Waiver:* The Defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. Given the United States' concessions in this agreement, the Defendant waives his right to appeal any aspect of the sentence, including conditions of probation or supervised release.

The Defendant also waives his right to challenge the sentence in a collateral

7

proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue or maintain such an action alleging he received ineffective assistance of counsel.

*b) FOIA Waiver:* The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**11. Financial Obligations:** The Defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. Defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant consents to being immediately placed on the Treasury Offset Program to help meet defendant's obligation to pay restitution and/or a fine.

AUSA   Def.   Def. Atty

12. **Breach:** If the Defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the Defendant may not withdraw any guilty plea.

13. **Entire Agreement:** Any statements or representations made by the United States, the Defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_signature_ 1-27-16
PAULETTE L. STEWART         Date
Assistant U. S. Attorney

_signature_ 01-27-2016
JAY WILLIAM ISLES Sr.       Date
Defendant

_signature_ 1-28-2016
JOHN J. FERGUSON            Date
Defense Counsel

AUSA   Def.   Def Atty

9