IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 15–32–M–DWM–5 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JAY WILLIAM ISLES, SR., | |
| Defendant. | |

Defendant Jay William Isles, Sr. was charged in the original Indictment with illegal export and mailing firearms. Under those charges, the guideline range would have been 46 to 57 months of imprisonment. Isles entered into a Rule 11(c)(1)(A) and (B) plea agreement. He pled guilty to Introducing a Firearm Into a Federal Facility, a misdemeanor, as charged in the Superseding Information and faces a guideline range of 0 to 6 months.

A district court enjoys broad discretion when choosing to accept or reject a plea agreement. *In re Morgan*, 506 F.3d 705, 708 (9th Cir. 2007). If a court rejects a plea agreement, it must on the record (1) inform the parties, (2) advise the defendant that the court is not bound by the plea agreement and give the defendant an opportunity to withdraw the guilty plea, and (3) advise the defendant that if the plea is not withdrawn, "the court may dispose of the case less favorably toward the

defendant than the plea agreement contemplated." Fed. R. Crim. P. 11(c)(5). Rule 11 does not define the criteria by which a district court should exercise its discretion to accept or reject a plea agreement because the decision should be "left to the discretion of the individual trial judge," rather than governed by any bright-line test. Fed. R. Crim. P. 11, advisory committee notes.

According to case law, a court may not categorically reject "charge bargain" (Rule 11(c)(1)(A)) or "sentence bargain" (Rule 11(c)(1)(B) & (C)) agreements. *Morgan*, 506 F.3d at 712; *United States v. Miller*, 722 F.2d 562, 566 (9th Cir. 1983). Instead, the court must make the decision to reject a plea agreement "in light of the factual circumstances specific to the case," *Morgan*, 506 F.3d at 712, which can include the defendant's criminal history, the circumstances of the offense charged, and the defendant's specific criminal conduct in the offense charged. Individual review of every bargain ensures that "judicial discretion is exercised with due regard for prosecutorial independence." *Miller*, 722 F.2d at 566. The court may reject a negotiated plea when it believes that the bargain is too lenient, not in the public interest, or fails to advance the statutory purposes of sentencing. *Id.* at 563; USSG §6B1.2. With respect to criminal sentencing, the interest of justice is served when the sentence reflects the severity of the offense conduct, including all the facts and circumstances of the crime; when the sentence does not create an obvious disparity between one criminal actor and other

similarly situated criminal actors; and when the sentence protects the public's interest in enforcement of, and respect for, our laws and system of justice. *See generally* 18 U.S.C. § 3553(a).

Section 6B1.2 of the sentencing guidelines provides that in the case of a type A plea agreement, "the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines." USSG §6B1.2(a). In the case of a type B plea agreement, "the court may accept the recommendation if the court is satisfied either that: (1) the recommended sentence is within the applicable guideline range; or (2) (A) the recommended sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity in the statement of reasons form." USSG §6B1.2(b).

Although Isles had the lowest involvement in the scheme in this case, the plea bargain here does not serve justice. The firearms scheme in this case was elaborate and had far-reaching implications in Australia, Norway, Sweden, and Denmark—all foreign countries where guns are highly restricted—not to mention the United States of America. This is the most obvious conspiracy that I have seen

in 20 years on the bench. The bargain that was reached does not align with the public policy favoring enforcement of the gun laws in the United States. Isles's own offense conduct involved mailing four firearms from the post office in Browning to Australia, Sweden, and Norway. The bargain reached here is too lenient, as evidenced by the fact that Isles now faces a guideline range of 0 to 6 months for introducing a firearm into a federal facility, a misdemeanor, in contrast to 46 to 57 months for the originally charged felony firearms offenses. Indeed, the average firearms sentence in 2014, according to the Sentencing Commission, was 82 months. Pursuant to §6B1.2, introducing a firearm into a federal facility does not adequately reflect the seriousness of the actual offense behavior. I want to avoid intruding into the prerogative of the charging U.S. Attorney, but in considering whether to accept the plea agreement, it is my obligation to see that the public's interest in the enforcement of and respect for the laws that pertain to firearms and the system of justice—particularly in this day and age—is justification for rejecting the plea agreement in this case.

DATED this 27th day of May, 2016.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT